IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  14-cr-00397-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CLARENCE GIANARELLI,

       Defendant.

---

**INDICTMENT**
**Counts 1-20: 18 U.S.C. § 664**
**Counts 21-35: 18 U.S.C. § 669**
**Counts 36-37: 29 U.S.C. §§ 1024(a)(1) and 1131**
**Forfeiture Allegation, 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7)**
**28 U.S.C. § 2461(c)**

---

The Grand Jury charges that:

1.    The defendant, CLARENCE GIANARELLI (GIANARELLI), was the co-owner and President of Ideal Concrete Inc., a construction company operating in Colorado Springs, Colorado, within the State and District of Colorado.

2.    GIANARELLI was responsible for the financial activities of the company, such as paying salaries, deciding when and which bills to pay, and forwarding employee contributions on to various employee and health care benefit plans.

3.    GIANARELLI offered four employee benefit plans to Ideal Concrete employees, including 1) a profit sharing plan (PSP); 2) life insurance plans; 3) a disability insurance plan; and 4) a savings plan.  All four of these types of plans were employee benefit plans subject to Title I of the Employee Retirement Income Security

1

Act of 1974 (ERISA), and included funds connected with such plans, and were therefore subject to the provisions of Title 18, United States Code, Section 664.

4.     GIANARELLI offered three health care benefit programs to Ideal Concrete employees, including a 1) a medical and prescription drug benefits plan (hereinafter health plan); 2) cancer insurance plan; and 3) flexible spending account.  All three of these plans constituted "health care benefit program[s]" as that term is defined in Title 18, United States Code, Section 24(b) in that they were private plans and contracts, affecting commerce, under which any medical benefit, item, and service was provided to any individual, and are therefore subject to the provisions of Title 18, United States Code, Section 669.  These health care benefit programs are also covered under Section (3)(1) of ERISA as they are established and maintained by an employer for the purpose of providing for its participants and their beneficiaries, through the purchase of insurance or otherwise, for medical, surgical, or hospital care.

**Counts 1-5**
**18 U.S.C. § 664**
**Theft and Embezzlement from Employee Benefit Plan (Profit Sharing Plan)**

5.     The allegations contained in Paragraphs 1 through 3 of this Indictment are incorporated by reference as if fully set forth herein.

6.     GIANARELLI started the Ideal Concrete, Inc. Profit Sharing Plan (PSP) in June of 1983 to provide his employees with pension benefits.  GIANARELLI, on behalf of Ideal Concrete, was the employer, plan sponsor, and named plan administrator for the PSP and therefore responsible for recordkeeping and administrating the PSP for the benefit of its participants and beneficiaries.  GIANARELLI hired Ohio National Financial Services as the PSP's third-party administrator.  Ohio National did not exercise

2

discretionary authority or responsibility for the PSP and therefore did not act in a fiduciary capacity.

7.     GIANARELLI stopped forwarding employees' contributions to Ohio National for the pay period beginning September 3, 2010; however, he continued to withhold those contributions until August 12, 2011, and used those funds for his or Ideal Concrete's benefit.

8.     On or about the dates and in the amounts listed below, in the State and District of Colorado, the defendant, CLARENCE GIANARELLI, did steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the Ideal Concrete Inc. PSP, an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, and a fund connected with such plan.

| Count | Date of Offense | Amount of Money Taken | Source of Money Taken |
|-------|-----------------|------------------------|------------------------|
| 1 | 4/22/11 | $1,160.14 | Salary deferrals for pay periods with a pay date of 3/4/2011, 3/11/2011, 3/18/2011, and 3/25/11 |
| 2 | 5/23/11 | $1,395.19 | Salary deferrals for pay periods with a pay date of 4/1/2011, 4/8/2011, 4/15/2011, 4/22/2011, and 4/29/11 |
| 3 | 6/22/11 | $741.03 | Salary deferrals for pay periods with a pay date of 5/6/2011, 5/13/2011, 5/20/2011, and 5/27/11 |
| 4 | 7/25/11 | $713.91 | Salary deferrals for pay periods with a pay date of 6/3/2011, 6/10/2011, 6/17/2011, and 6/24/11 |
| 5 | 8/22/11 | $319.18 | Salary deferrals for pay periods with a pay date of 7/1/2011, 7/8/2011, 7/15/2011, 7/22/211, and 7/29/11 |

All in violation of Title 18, United States Code, Section 664.

**Counts 6-10**
**18 U.S.C. § 664**
**Theft and Embezzlement from Employee Benefit Plan (Life Insurance Plans)**

9.      The allegations contained in Paragraphs 1 through 3 of this Indictment are incorporated by reference as if fully set forth herein.

10.      GIANARELLI offered life insurance plans to Ideal Concrete employees through Baltimore Life Insurance Company (whole life insurance) and American Fidelity Assurance Company (term life insurance).  GIANARELLI withheld employee contributions from weekly payrolls to be forwarded as premiums to Baltimore Life Insurance Company and/or American Fidelity Assurance Company.  Ideal Concrete paid Baltimore Life Insurance Company for the life insurance premiums until approximately March 11, 2011; however, GIANARELLI continued to withhold employee contributions until January 27, 2012, and used those funds for his or Ideal Concrete's benefit.  American Fidelity Assurance Company terminated Ideal Concrete employees' life insurance coverage for nonpayment of premiums effective February 1, 2011; however, GIANARELLI continued to withhold employee contributions until August 12, 2011, and used those funds for his or Ideal Concrete's benefit.

11.      On or about the dates and in the amounts listed below, in the State and District of Colorado, the defendant, CLARENCE GIANARELLI, did steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the Ideal Concrete Inc. life insurance plans,

4

employee welfare benefit plans subject to Title I of the Employee Retirement Income

Security Act of 1974, and funds connected with such plans.

| Count | Date of Offense | Amount of Money Taken | Source of Money Taken |
|-------|-----------------|----------------------|----------------------|
| 6 | 7/8/2011 | $107.74 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 7 | 7/15/2011 | $107.74 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 8 | 7/22/2011 | $107.74 | Salary deferrals for pay period with a pay date of 4/22/2011 |
| 9 | 7/29/2011 | $107.74 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 10 | 8/5/2011 | $107.74 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 664.

## Counts 11-15
## 18 U.S.C. § 664
### Theft and Embezzlement from Employee Benefit Plan (Disability Insurance Plan)

12.     The allegations contained in Paragraphs 1 through 3 of this Indictment

are incorporated by reference as if fully set forth herein.

13.     GIANARELLI offered a disability insurance plan to Ideal Concrete's

employees through American Fidelity Assurance Company.  GIANARELLI withheld

employee contributions from weekly payrolls to be forwarded as premiums to American

Fidelity Assurance Company.  American Fidelity Assurance Company terminated Ideal

Concrete employees' disability insurance coverage for nonpayment of premiums

effective February 1, 2011; however, GIANARELLI continued to withhold employee

contributions from February 4, 2011, until August 12, 2011, and used those funds for his

or Ideal Concrete's benefit.

5

14.     On or about the dates and in the amounts listed below, in the State and District of Colorado, the defendant, CLARENCE GIANARELLI, did steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the Ideal Concrete Inc. disability insurance plan, an employee welfare benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, and a fund connected with such plan.

| Count | Date of Offense | Amount of Money Taken | Source of Money Taken |
|---|---|---|---|
| 11 | 7/8/2011 | $301.22 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 12 | 7/15/2011 | $301.22 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 13 | 7/22/2011 | $411.42 | Salary deferrals for pay period with a pay date of 4/22/2011 |
| 14 | 7/29/2011 | $293.76 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 15 | 8/5/2011 | $293.76 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 664.

**Counts 16-20**
**18 U.S.C. § 664**
**Theft and Embezzlement from Employee Benefit Plan (Employee Savings Plan)**

15.     The allegations contained in Paragraphs 1 through 3 of this Indictment are incorporated by reference as if fully set forth herein.

16.     GIANARELLI sponsored an employee savings plan.  Ideal Concrete employees selected the amount (if any) to be withheld from each paycheck for the savings plan.  GIANARELLI forwarded the amounts withheld to bank accounts that GIARANELLI controlled.  GIANARELLI's last deposit to the savings plan was on March 18, 2011, but he continued to withhold employees' contributions until September 30,

6

2011, and withdrew funds from the employees' savings plan without authorization from the employees, and used those funds for his or Ideal Concrete's benefit.

17.     On or about the dates and in the amounts listed below, in the State and District of Colorado, the defendant, CLARENCE GIANARELLI, did steal and unlawfully and willfully abstract and convert to his own use, moneys, funds, securities, premiums, credits, property and other assets of the Ideal Concrete Inc. savings plan, an employee welfare benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, and a fund connected with such plan.

| Count | Date of Offense | Amount of Money Taken | Source of Money Taken |
|-------|----------------|----------------------|----------------------|
| 16 | 7/8/2011 | $1,164.45 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 17 | 7/15/2011 | $1,251.95 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 18 | 7/22/2011 | $873.95 | Salary deferrals for pay period with a pay date of 4/22/2011 |
| 19 | 7/29/2011 | $750.45 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 20 | 8/5/2011 | $846.70 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 664.

**Counts 21-25**
**18 U.S.C. § 669**
**Theft and Embezzlement in Connection with Health Care (Health Plan)**

18.     The allegations contained in Paragraphs 1, 2, and 4 of this Indictment are incorporated by reference as if fully set forth herein.

19.     GIANARELLI sponsored a health plan for Ideal Concrete employees with Connecticut General Life Insurance Company (CGLIC).

7

20.     GIANARELLI'S last payment to CGLIC to pay the health premiums was on February 23, 2011, but he continued to withhold employee contributions for the health plan until July 1, 2011, and used that money for his or Ideal Concrete's benefit.  CGLIC terminated coverage on April 1, 2011.

21.     GIANARELLI did not notify Ideal's employees that the group policy had been cancelled, and one or more employees thereafter incurred medical bills believing they had health benefits.

22.     On or about the dates and in the amounts listed below, in the State and District of Colorado, CLARENCE GIANARELLI, did knowingly and willfully embezzle, steal, and otherwise without authority convert to his own use, and the use of any person other than the rightful owner, and intentionally misapplied any of the moneys, funds, securities, premiums, credits, property, and other assets of the Ideal Concrete Inc. health plan, a health care benefit program as defined in Title 18, United States Code, Section 24(b).

| Count | Date | Amount of Money Taken | Source of Money Taken |
|-------|------|-----------------------|------------------------|
| 21 | 7/8/2011 | $1,477.16 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 22 | 7/15/2011 | $1,678.14 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 23 | 7/22/2011 | $1,449.45 | Salary deferrals for pay period with a pay date of 4/22/2011 |
| 24 | 7/29/2011 | $987.31 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 25 | 8/5/2011 | $1,115.81 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 669.

**Counts 26-30**
**18 U.S.C. § 669**
**Theft and Embezzlement in Connection with Health Care (Cancer Insurance Plan)**

23.     The allegations contained in Paragraphs 1, 2, and 4 of this Indictment are incorporated by reference as if fully set forth herein.

24.     GIANARELLI sponsored a cancer insurance plan for Ideal Concrete employees with American Public Life Insurance Company.

25.     GIANARELLI'S last payment of premiums to American Public Life Insurance Company was for the month of February 2011, but he continued to withhold employee contributions for the cancer insurance plan until August 12, 2011, and used those funds for his or Ideal Concrete's benefit.  American Public Life Insurance Company terminated coverage effective March 1, 2011.

26.     On or about the dates and in the amounts listed below, in the State and District of Colorado, CLARENCE GIANARELLI, did knowingly and willfully embezzle, steal, and otherwise without authority convert to his own use, and the use of any person other than the rightful owner, and intentionally misapplied any of the moneys, funds, securities, premiums, credits, property, and other assets of the Ideal Concrete Inc. cancer insurance plan, a health care benefit program as defined in Title 18, United States Code, Section 24(b).

| Count | Date | Amount of Money Taken | Source of Money Taken |
|---|---|---|---|
| 26 | 7/8/2011 | $59.20 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 27 | 7/15/2011 | $59.20 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 28 | 7/22/2011 | $59.20 | Salary deferrals for pay period with a pay date of 4/22/2011 |

| 29 | 7/29/2011 | $59.20 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 30 | 8/5/2011 | $59.20 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 669.

**Counts 31-35**
**18 U.S.C. § 669**
**Theft and Embezzlement in Connection with Health Care (Cafeteria Plan)**

27.     The allegations contained in Paragraphs 1, 2 and 4 of this Indictment are incorporated by reference as if fully set forth herein.

28.     GIANARELLI sponsored a cafeteria plan (also known as a flexible spending account) for Ideal Concrete employees with Total Administrative Services Corporation (TASC).

29.     GIANARELLI'S only payment to TASC was on February 28, 2011, but he continued to withhold employee contributions for the cafeteria plan until August 12, 2011, and used those funds for his or Ideal Concrete's benefit.  TASC suspended the participants' account on May 18, 2011, and terminated the account in January 2012.

30.     On or about the dates and in the amounts listed below, in the State and District of Colorado, CLARENCE GIANARELLI, did knowingly and willfully embezzle, steal, and otherwise without authority convert to his own use, and the use of any person other than the rightful owner, and intentionally misapplied any of the moneys, funds, securities, premiums, credits, property, and other assets of the Ideal Concrete Inc. cafeteria plan, a health care benefit program as defined in Title 18, United States Code, Section 24(b).

10

| Count | Date | Amount of Money Taken | Source of Money Taken |
|---|---|---|---|
| 31 | 7/8/2011 | $311.19 | Salary deferrals for pay period with a pay date of 4/8/2011 |
| 32 | 7/15/2011 | $311.19 | Salary deferrals for pay period with a pay date of 4/15/2011 |
| 33 | 7/22/2011 | $311.19 | Salary deferrals for pay period with a pay date of 4/22/2011 |
| 34 | 7/29/2011 | $311.19 | Salary deferrals for pay period with a pay date of 4/29/2011 |
| 35 | 8/5/2011 | $311.19 | Salary deferrals for pay period with a pay date of 5/6/2011 |

All in violation of Title 18, United States Code, Section 669.

**Count 36**
**29 U.S.C. §§ 1024(a)(1) and 1131**
**Willful Violation of ERISA**

31.     The allegations contained in Paragraphs 1 through 3 of this Indictment are incorporated by reference as if fully set forth herein.

32.     Pursuant to Title I of ERISA, GIANARELLI was required to file with the Secretary of Labor annual financial reports on behalf of the Ideal Concrete Inc. PSP, an employee pension benefit plan.  This requirement is mandatory so as to provide in sufficient detail the necessary basic information and date from which the required reports may be verified, explained, clarified, and checked for accuracy and completeness by the Secretary of Labor, members of the plans, and others.

33.     On or about July 31, 2011, in the State and District of Colorado, GIANARELLI, as the administrator of the Ideal Concrete Inc. PSP Plan, did willfully fail to file the Plan's required annual financial report with the Secretary of Labor for the fiscal year ending on December 31, 2010, in violation of Title 29, United States Code, Sections 1024(a)(1) and 1131.

11

**Count 37**
**29 U.S.C. §§ 1024(a)(1) and 1131**
**Willful Violation of ERISA**

34.     The allegations contained in Paragraphs 1 through 3 and 32 of this Indictment are incorporated by reference as if fully set forth herein.

35.     On or about July 31, 2012, in the State and District of Colorado, GIANARELLI, as the administrator of the Ideal Concrete Inc. PSP Plan, did willfully fail to file the Plan's required annual financial report with the Secretary of Labor for the fiscal year ending on December 31, 2011, in violation of Title 29, United States Code, Sections 1024(a)(1) and 1131.

## FORFEITURE ALLEGATION

36.     The allegations contained in Counts 1 through 20 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 982(a)(7), and 28 U.S.C. § 2461(c).

37.     Upon conviction of the violations alleged in Counts 1 through 20 of this Indictment involving theft and embezzlement from employee pension and welfare benefit plans in violation of 18 U.S.C. § 664, defendant CLARENCE GIANARELLI shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

38.     If any of the property described in paragraph 37 above, as a result of any act or omission of the defendant:

        a)     cannot be located upon the exercise of due diligence;

        b)     has been transferred or sold to, or deposited with, a third party;

        c)     has been placed beyond the jurisdiction of the Court;

        d)     has been substantially diminished in value; or

        e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

39.     The allegations contained in Counts 21 through 35 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7).

40.     Upon conviction of the violations alleged in Counts 21 through 35 of this Indictment involving theft and embezzlement from health care benefit programs in violation of 18 U.S.C. § 669, defendant CLARENCE GIANARELLI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to:

13

A money judgment in the amount of proceeds obtained by those crimes.

41.     If any of the property described in paragraph 40 above, as a result of any act or omission of the defendant:

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of the Court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL

Ink signature on file in the clerk's office
FOREPERSON

JOHN F. WALSH
United States Attorney

s/Martha A. Paluch
By: s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: martha.paluch@usdoj.gov
Attorney for the United States

14