## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:14-cr-00397-MSK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CLARENCE GIANARELLI,

     Defendant.
_____

## DEFENDANT'S MOTION TO VACATE ALL DEADLINES AND TRIAL DATE, AND TO EXCLUDE 90 DAYS FROM SPEEDY TRIAL ACT'S CALCULATIONS
_____

Clarence Gianarelli, by and through counsel, Richard Tegtmeier and Sherman & Howard, L.L.C., hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act Computations, and in support thereof, states as follows:

### CERTIFICATE OF DUTY TO CONFER

Undersigned counsel has conferred with the Assistant United States Attorney assigned to this matter, Martha Paluch.  Ms. Paluch states she does not oppose this motion.

### I.    Procedural Background

1.     On October 7, 2014 a 37 Count Indictment was filed against Mr. Gianarelli, charging 20 violations of 18 U.S.C. § 664, 15 violations of 18 U.S.C. § 669, and two (2) counts of violations of 29 U.S.C. §§ 1024 (a)(1) and 1131.

2.     On November 4, 2014, Mr. Gianarelli was arraigned on the Indictment and entered pleas of not guilty.

3.     This Court has set a November 19, 2014 deadline for the filing of pretrial motions.  The Court has also set a final pretrial conference for December 30, 2014.  A 5-day jury trial is set to commence on January 5, 2015.

## II.     Standard for Continuances

4.     18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(I) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would

deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

5.      In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs,* 574 F.3d 1262, 1269 (10th Cir. 2009)(quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

6.      In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for

the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.*  No single factor is determinative.  *See id.*

III.    **Argument**

7.    This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, Mr. Gianarelli requests that this Court continue the trial, vacate current deadlines and exclude 90 days from the speedy trial calculations.

**A.    This case satisfies the requirements of 18 U.S.C. § 3161(h)(7).**

8.    Failure to grant the continuance in this case will result in a miscarriage of justice and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.    The Indictment alleges multiple counts of Theft and Embezzlement from Employee Benefit Plans, including Profit Sharing Plan, Life Insurance Plans, Disability Insurance Plan, Employee Savings Plan, Cancer Insurance Plan, Cafeteria Plan, and Willful Violation of ERISA.  The very nature of the Indictment demonstrates that this case is far more complex than the typical criminal case.

10.    Discovery was provided November 17, 2014, and is approximately 21,000 pages.  The government was required to provide the discovery on November 19, 2014.  While counsel has only begun reviewing the discovery and each case is different, in counsel's experience, white collar cases typically involve numerous civilian witnesses with no connections to law enforcement.  Such witnesses often need to be located and interviewed.  In addition, the defense will often need to conduct background investigations into these witnesses.

11.    In addition, while each case is different, in undersigned counsel's experience, white collar cases like that alleged here typically involve numerous pretrial motions and often involve the retention of expert witnesses.  Given the volume of discovery in this case, the defense cannot reasonably review all the discovery, analyze potential defenses and the need for expert witnesses, interview and retain any expert witnesses, and disclose such witnesses by the current trial date and expert disclosure deadlines.  To provide effective representation, a continuance of the deadline is needed.

12.    Given the sheer volume of discovery, the fact that numerous witnesses may need to be located and background investigations may need to be conducted on those witnesses, and that pretrial motions will

need to be researched and evaluated, the defense cannot with due diligence file pretrial motions and be ready for trial by the current deadlines. If a continuance is not granted, a miscarriage of justice would result and undersigned counsel would be denied the reasonable time necessary for effective preparation.  In contrast, granting the continuance would enable counsel sufficient time to review discovery, research motions, and investigate potential witnesses.

**B.    The *West* factors support a continuance of the trial date.**

13.    The *West* factors likewise support a continuance of the trial date.  First, counsel for Mr. Gianarelli has been diligent in pursing Mr. Gianarellis' defense.  Counsel has met with Mr. Gianarelli.  Additionally, counsel has met with AUSA Paluch, and begun reviewing the discovery.

14.    Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. The defense requests a continuance so that the defense will have sufficient time to review discovery, investigate the case, and research pretrial motions.  The defense believes that 90 days will be sufficient time to complete these tasks.

15.    Third, the inconvenience to the opposing party, the witnesses, and the Court will be minimal.  Undersigned counsel has conferred with

counsel for the government and she does not oppose this motion. Moreover, because the trial date has only recently been set, last minute scheduling changes need not be made.

16.    Finally, the need for the continuance is great.  Until all discovery has been reviewed, the necessary investigation has been completed, and pretrial motions have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.

WHEREFORE, Mr. Gianarelli respectfully requests this Court issue an Order vacating all current deadlines and the trial date and excluding 90 days from the speedy trial time limitations.

Respectfully submitted this  18th  day of November, 2014.

SHERMAN & HOWARD L.L.C.


*s/ Richard Tegtmeier*
_____
Richard Tegtmeier, #2544
90 S. Cascade Ave., Suite 1500
Colorado Springs, CO 80903
719-448-4084
719-635 4576 (Fax)
rtegtmeier@sah.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the above and foregoing upon the United States Attorney's office via CM/ECF e-filing, this 18th day of November, 2014.


*s/ Devon O. Ryan*

_____