**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00397-MSK-01

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CLARENCE GIANARELLI,

       Defendant.
_____

**GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT**
**SENTENCING RECOMMENDATION**
_____

     The United States of America, by and through Martha A. Paluch, Assistant

United States Attorney for the District of Colorado, objects to the sentencing

recommendation contained in the Presentence Report (PSR), Doc. 23, filed on April 23,

2015, as follows.

     This matter is scheduled for sentencing on Thursday, May 28, 2015, at 11:00

a.m.

     1.    The United States has no objections to the guideline calculations set forth

in the PSR.

     2.    The Probation Office is recommending a variant sentence from the

advisory guideline range of 24-30 months to a three-year term of probation with six

months' of home confinement.  PSR at R-1, R-7.  The United State submits that this

sentence does not a) reflect the seriousness of the offenses, b) promote respect for the

law, c) provide just punishment for the offenses, or d) afford adequate deterrence to
criminal conduct.  In support, the United States notes that following:

a)      The Probation Office asserts that "[a] term of incarceration may cause the
defendant's business to suffer, which would result in hardship for his current
employees and delay in restitution payments to the victims."  PSR at R-6 to
R-7.  There is no explanation in the PSR as to the functions the defendant
performs for Ideal Concrete or why another employee is unable to keep the
business operational while the defendant is incarcerated.

b)      The Probation Office asserts that the "defendant appears remorseful for
his actions and is in a unique situation financially which enables him to pay
restitution in full to all victims associated with the offense."  PSR at R-6.  The
United States contends the defendant is remorseful now that he finds himself
convicted of two felony counts and is facing sentencing.  Prior to this matter
being referred to the United States Attorney's Office for prosecution, the
Department of Labor expended significant resources and effort over a period
of years in an attempt to bring the defendant into compliance and instructed
the defendant to pay his employees the money they were due.  The
defendant did not do so; instead, he ignored the problem, and the hardship he
caused his employees, in hopes that all of this would go away.  Accordingly,
his claims of remorse at this late date ring hollow.  As to the defendant being
in a "unique situation financially" to pay restitution, there is no explanation in
the PSR as to how this is the case.  Paragraph 67 of the PSR notes that with

respect to the defendant's pending bankruptcy petition, his estimated assets total $1,657,312.00 and his liabilities total $3,232,211.58.[1]  Paragraph 62 of the PSR indicates that the defendant reported he expects to "finally have a small profitable year in 2015."  It is unclear from the PSR how the defendant is in a unique position to pay restitution to his victims in this case, and make the required payments in his bankruptcy matter, with only a small profit this year.  Many defendants are required to pay restitution.  The fact the defendant owes $108,477.99[2] in restitution does not warrant the significant variant sentence as recommended by the Probation Office.

c)      The harm caused by the defendant's actions in this case is different than, for example, an individual who fails to pay taxes.  There are 35 victims[3] in this case, listed on Pages 15-16 of the PSR.  The defendant caused distinct and irreparable harm to his employees whose money he withheld and failed to pay over to not one, but seven different benefit plans.  The defendant continued to withhold funds from his employees' paychecks and failed to forward those amounts to the respective benefit plan for almost a year.  The letters submitted by various employees help explain the difficult situations

---

[1]  As of today's date, Ideal Concrete owes approximately $9,750 in post-confirmation quarterly fees.  A copy of the docket sheet from Ideal Concrete's bankruptcy proceeding is attached as Attachment 1.

[2]  As stated in the plea agreement, the defendant agreed to pay up to $108,678.35 in restitution. Doc. 20 at 1.  This amount included up to $40,000 in denied medical claims, which the parties agreed would be itemized by employee and amount prior to sentencing.  *Id.* at 1-2 and 8.  This itemization is contained on Pages 15-16 of the PSR.  The actual amount of denied medical claims was approximately $200 less than the estimated $40,000, which accounts for the difference in the actual amount of restitution as stated in the PSR ($108, 477.99) as compared to the estimated amount set forth in the plea agreement.

they found themselves in as result of the defendant's conduct.  For example, John LaRosa worked for the defendant for 33 years and was forced to take an early retirement in order to collect his 401K and pay his bills.  He explains he was told Ideal Concrete would pay past due amounts and that never happened.  PSR, Exhibit C.  Todd Johnson worked for the defendant for 21 years and provided to the Court a two-page letter explaining the devastating effect of the lapse in his medical insurance while his wife Phyllis was receiving cancer treatment.  PSR, Exhibit G.  Mr. Johnson details the repeated lies and assurances he received from the defendant and the fact the defendant later claimed it was Mr. Johnson's wife's fault for getting cancer. Mr. Johnson's sons had to pay out of pocket for their injuries and one of his sons had to quit college because the Johnsons could not help with the expenses.  Mr. Johnson ultimately had to take a job in North Dakota, away from his family, to pay the bills.  It is impossible to sentence this defendant without taking into account the devastating effect his actions had on so many. Given all of these factors, the United States submits that a six-month custodial sentence, followed by a three-year term of probation to include a twelve-month period of home detention, would serve to promote respect for the law.[4]  Imposing a custodial sentence will impart to the defendant that what he did

---

[3]   While the PSR lists 36 names, the United States is counting Todd and Phyllis Johnson as one victim.

[4]   In the plea agreement, the United States agreed it would argue for a sentence not to exceed 24 months in prison. Doc. 20 at 3.

was criminal, and there is a price to pay for stealing money from his employees.

A custodial sentence will also provide just punishment for the offense, given the

significant impact his conduct had on so many people as explained above.

Finally, a custodial sentence will afford adequate deterrence to this defendant

and to other employers who believe they are justified in stealing employees' pay

to keep their businesses afloat.

Should the Court disagree with the United States' recommendation of a

custodial sentence, the United States submits the period of home detention in the

sentence recommended by the Probation Office should be increased from six

months to at least one year.[5]

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

---

[5] Given the amount of restitution due in this case, the United States is not pursuing forfeiture.

**CERTIFICATE OF SERVICE**

      I certify that on this 11th day of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:


Richard Tegtmeier, Esq.
Counsel for Defendant Clarence Gianarelli
rtegtmeier@shermanhoward.com



Gary Kruck
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2426
Gary_Kruck@cod.uscourts.gov



_s/ Mariah Tracy_____
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
Telephone (303) 454-0100
Facsimile (303) 454-0402
Email: Mariah.Tracy@usdoj.gov