IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:14-cr-00397-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE GIANARELLI,

    Defendant.

_____

**AMENDED OBJECTIONS AND CLARIFICATION TO THE PRESENTENCE INVESTIGATION REPORT**
_____

On April 23, 2015, Gary R. Kruck, U.S. Probation Officer, filed a Presentence Investigation Report. The Defendant, through counsel, objects to and clarifies the Presentence Investigation Report [Doc #23] as follows:

    1.    **Paragraph 33:** Mr. Gianarelli was unaware of the Special Permit Violation in El Paso County, Colorado in 2007.

    2.    **Paragraph 38:**  Henry Gianarelli married Evelyn Jenkins.

    3.    **Paragraph 44:**  Carolyn Gianarelli worked part time for Ideal Concrete, Inc. from 1980-1987 (7 years). Carolyn Gianarelli also worked as support staff at Colorado College for 12 years, which employment included moneys paid to an IRA account.

    4.    **Paragraph 57:**  Mr. Gianarelli worked for Continental Oil, not Centennial Oil.

1

5. **Paragraph 59:** Colorado Department of Revenue bases income off of Box 3 (Social security wages) of the Form W-2.

6. **Paragraph 60:** Clarence and Carolyn Gianarelli filed bankruptcy in 2012 and were given special instructions regarding filing with the bankruptcy court.

7. **Page 12, footnote 2:** The defendant's mother-in-law died on March 12, 2015.

8. **Paragraph 66, Monthly Cash Flow:** Defendant's income is listed as $4,358.00 per month. However, Mr. Gianarelli has returned 5 payroll checks to Ideal Concrete to cover payroll for his employees and other expenses. The total amount of payroll checks returned to Ideal Concrete in 2015 is $5,448.00.

9. **Paragraph 66, Necessary Living Expenses:** The insurance amount listed is only medical insurance. Mr. Gianarelli also must pay $171.00 per month for home and auto insurance. The total of auto, home, and medical insurance is $623.00. The total monthly expenditures should therefore be amended to $5,433.25.

10. **Paragraph 83:** 15 of the employees listed in this paragraph are still employed by Ideal Concrete, Inc.

11. **Paragraph 92:** The report notes "The 73-year old defendant is married and has two adult children. He graduated from high school, attended one semester of college, and acquired a Certificate of Electronics from Colorado Technical Institute in 1961. He has owned and operated Ideal Concerete for over forty years. No correctional needs are identified at this time.

12. Pursuant to 18 U.S.C. § 3553, the History and Characteristics of the Defendant, including age as noted in USSG § 5H1.1 is an allowable factor for the court to consider in sentencing. In considering Mr. Gianarelli's history and characteristics, it is important for the Court to consider the following:

13. Mr. Gianarelli is 73-years-old. His age and health risks, a supportive wife, a history of success in legitimate business, and an assessment of his low-recidivism risk are a combination of factors that distinguish him from the typical criminal offender.

14. The National Institute of Corrections defines prisoners 50 and older as "elderly" and "aging," and 15 states specifically define an "older" inmate as one who is 50 or older. *See* Human Rights Watch, *Old Behind Bars–The Aging Prison Population in the United States,* at 17 (Jan. 2012), *available* at ww.hrw.org/reports/2012/01/27/old-behind-bars-0. Only 10.8 percent of all federal defendants are over 50. *See* U.S. Sentencing Commission, *2012 Sourcebook of Federal Sentencing Statistics,* Table 6 (Age of Offenders in Each Primary Offense Category), *available* at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2012/Table06.pdf

15. The Eight Circuit in *United States v. White,* 506 F.3d 635, 640 (8th Cir. 2007) held that a defendant's age at 51 "can and should be considered" in sentencing. Also see *United States v. Simmons,* 568 F.3d 564 (5th Cir. 2009) (remanding for resentencing of 48 year-old defendant where district court expressed disagreement with the Guidelines' then-existing policy statement regarding age, but thought it lacked discretion to consider age as sentencing factor).

16. The U.S. Department of Justice National Institute of Corrections, *Correctional Health Care: Addressing the Needs of the Elderly, Chronically Ill, and Terminally Ill Inmates*, at 10 (2004), available at http://nicic.gov/library/018735 , noted that first-time offenders over 50 are particularly "easy prey" for more experienced predatory inmates. Additional factors that justify taking age into account in sentencing include "separation from family and friends, physical confinement, poor healthcare, and the threat of victimization" as they disproportionately affect older inmates. American Civil Liberties Union, *At America's Expense: The Mass Incarceration of the Elderly*, at 1 (2012 *available at* http://www.aclu.org/files/assets/elderlyprisonreport_20120613_1.pdf.

17. Because incarceration can be substantially more punitive for an older defendant than the "heartland" offender, sentencing leniency based on old age promotes the sentencing goals of imposing sufficient punishment and avoiding sentencing disparities under § 3553. "Older prisoners, even if they are not suffering illness, can find the ordinary rigors of prison particularly difficult because of a general decline in physical and often mental functioning which affects how they live in their environments and what they need to be healthy, safe, and have a sense of well being." *Old Behind Bars,* at 45. Furthermore, it costs approximately $34,000 per year to house the average prisoner but over $68,000 to house a prisoner age 50 or older. *Mass Incarceration of the Elderly,* at vii, 26-29.

18. Any prison term consumes a proportionately larger portion of an older defendant's remaining years than of the younger "heartland" offender's. Therefore, an

4

older defendant's shorter life expectancy supports leniency based on the sentencing goals of proportionality and avoiding unwarranted sentencing disparities. Finally, a lower rate of recidivism for older inmates is well-established and supports leniency because it allows the sentencing purpose of deterrence and protection of the public to be satisfied by a lesser term.  U.S. Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, at 12 (May 2004) ("*Measuring Recidivism*") (noting that recidivism rates "decline relatively consistently as age increases"), *available at* [http://www.lb5.uscourts.gov/ArchivedURLs/Files/08-10643(1).pdf](http://www.lb5.uscourts.gov/ArchivedURLs/Files/08-10643(1).pdf).  Courts have cited such data in imposing below guideline sentences.  *See, e.g., Gall v. United States,* 552 U.S. 38, 58 (2008) (approving district court's use of studies to bolster conclusion that defendant's youth at the time of crime supported below-guideline sentence).

19.   Further, there is "overwhelming evidence that prisoners age 50 and older are far less likely to return to prison for new crimes than their younger cohorts."  *Mass Incarceration of the Elderly,* at vii.  And, Commission studies show that recidivism rates are lower for defendants who are married.  *See Measuring Recidivism*. Thus, from a public safety standpoint, particularly where Mr. Gianarelli's offense is a non-violent one, his circumstances render him an appropriate candidate for an alternate sentence to that of imprisonment.  Probation would be an appropriate alternate sentence.

20.   Mr. Gianarelli offers the attached letters in support of probation from the following:

Rachel Aguilar and Osvaldo Aguilar
Allyn W. Brown

5

Carolyn Gianarelli
Victor E. Land
Robert P. Osborne
R.S. Powell
Jim Palmer
Thomas Petitmermet
Pamela Riggen
Corey Gene Simons
Russel Stoever Jr.
Pastor John Witkop

Respectfully submitted this 11th day of May, 2015.

       SHERMAN & HOWARD L.L.C.

       *s/ Richard Tegtmeier*
       _____
       Richard Tegtmeier, #2544
       90 S. Cascade Ave., Suite 1500
       Colorado Springs, CO 80903
       719-448-4084
       719-635 4576 (Fax)
       rtegtmei@shermanhoward.com

## CERTIFICATE OF SERVICE

    I hereby certify that electronically filed the foregoing with the Clerk of Court using the CM/ECF e-filing, this 11th day of May, 2015, which will send notification of such filing to all counsel in this matter.

*s/ Devon O. Ryan*
_____