**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00397-MSK-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE GIANARELLI,

    Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR NON-GUIDELINE/VARIANT SENTENCE (Doc. 28)**
_____

    The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, hereby responds to the Defendant's Motion for Non-Guideline/Variant Sentence, Doc. 28, as follows.

    This matter is scheduled for sentencing on Thursday, May 28, 2015, at 11:00 a.m.

    1.    The defendant asks the Court to depart from the advisory guideline range due in part to his age. While the government agrees that § 5H1.1 of the United States Sentencing Guidelines provides that age may be considered when "present to an unusual degree," the government notes that the defendant committed the instant offenses when he was 69. The defendant engaged in criminal activity at an advanced age, an age when he certainly knew better, yet now asserts his age, in part, should shield him from receiving a sentence that perhaps someone twenty years younger

would receive.  It is not unusual that the owner of a long-time business, one in a position of trust with respect to employee benefit plans, would be more advanced in age.

2. It is difficult to reconcile the Clarence Gianarelli described in the video submitted to the Court to the one who committed the instant offenses. The DOL first received a complaint that Ideal Concrete had not paid payroll contributions to the Ideal Concrete 401K plan on June 6, 2011.  Between that date and June 26, 2012, when the defendant filed a Chapter 11 Petition for Bankruptcy on behalf of Ideal Concrete, DOL Benefit Advisors and Investigators made numerous attempts to contact the defendant and attempt to bring him into compliance.  The defendant acknowledged that he owed money to the 401K plan, but made no attempt to set up a payment plan or take any other measures to pay his employees the money he owed. The defendant ignored many of the voicemails and emails left by DOL investigators. The defendant declared in his bankruptcy petition that no pension funds were due and owing when in fact they were. He was warned during his creditor meeting with the bankruptcy trustee that all money due to pension plans must be paid or there could be civil and criminal penalties.  Still, the defendant took no measures to repay his employees.  Further investigation revealed that money was due to numerous other benefit plans in addition to the 401K plan.  The defendant's conduct in this case was criminal, not merely a "poor business decision," as described in the video.

3. The claim in the video that the defendant paid his employees more than he should have is belied by the fact multiple Wage and Hour audits found that the defendant was underpaying his employees' wages and fringe benefits.

2

  4. There is discussion in the video of Ideal Concrete not being paid for work performed.  In one such instance, involving a contract with prime contractor Main Mass, this contractor terminated Ideal Concrete because Ideal Concrete did not have the required bond in place to complete the contract.  Ideal Concrete performed work without being properly bonded, and when Ideal Concrete would not get the bond, Main Mass did not pay Ideal Concrete for the work already performed.  This is a better example of a "poor business decision" than deducting employees' health care premiums, not forwarding those premiums to the plan, and allowing his employees' health coverage to lapse.  The repeated assertion that the defendant took great care of his employees is contradicted by these actions and others.

  5. The defendant was warned on a monthly basis by his former bookkeeper that he could not continue to withhold money from his employees' paychecks if he was not going to pay those amounts over to the respective plans.  The defendant ignored these warning, ignored the efforts of the DOL, and found himself in federal court.  His actions harmed many employees, as set forth in the PSR and in the Government's Objections (Doc. 25).

  For these reasons, at sentencing, the government will ask the Court to impose a six-month custodial sentence, followed by a three-year term of probation to include a twelve-month period of home detention.

Respectfully submitted

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard Tegtmeier, Esq.
Counsel for Defendant Clarence Gianarelli
rtegtmeier@shermanhoward.com

*s/ Mariah Tracy*
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
Telephone: 303-454-0205
Facsimile: 303-454-0402
Email: mariah.tracy@usdoj.gov

4