**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00397-MSK-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLARENCE GIANARELLI,

        Defendant.

_____

**GOVERNMENT'S SUPPLEMENTAL SENTENCING STATEMENT**
_____

        The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, submits the following supplemental sentencing statement in response to issues raised by the Court at the May 28, 2015, sentencing hearing in this matter. Defendant's continued sentencing hearing is scheduled for July 9, 2015, at 9:00 a.m.

        1.     At the May 28, 2015 sentencing hearing, after hearing argument from defense counsel, the government, and allocution from the defendant, the Court expressed concern about the lack of information regarding the defendant's financial situation. The Court directed the defendant and the government to assist the probation office in gathering information about the defendant's financial situation and upon review, to address whether a fine is appropriate in this case.

        2.     In addition, the Court questioned whether the defendant's behavior in this

case is truly aberrant to support a variant sentence in this case.

On July 2, 2015, the probation officer filed a second addendum to the presentence report addressing these issues. Doc. 36. The government responds as follows:

**Financial Information**

Exhibit A to the second addendum is a letter from the defendant's accountant, Richard Powell. First, Mr. Powell explains that the defendant owns 24,170 shares of Ideal Concrete, Inc., which amounts to 50 percent of the company. Mr. Powell opines that if Ideal Concrete, Inc. were sold, "there would not be value left to go to the shareholders." Doc. 36, Exhibit A at 1. Mr. Powell does not state how much money is due to shareholders. However, in the presentence investigation report, the defendant reported to the probation officer that the company's income statements show "great improvement," with a 13% increase in sales. Doc. 30 at 11-12, ¶ 62. The defendant also "noted that current company assets are valued between $250,000 and $500,000." *Id.* The second addendum notes that in the defendant's bankruptcy petition filed in 2012, he listed his 50 percent value of Ideal Concrete as $1,060,000. Doc. 36 at 2. Accordingly, the government submits that at this time, the value of the defendant's interest in Ideal Concrete, Inc. remains unclear.

With respect to Gianarelli Investments, Mr. Powell states there is "no value to Gianarelli Investments except a small amount in the checking account." Doc. 36, Exhibit A at 1. It would be helpful to know how much money is in this checking account so that it could be applied toward the restitution due in this case.

As for Hope Spirits, Inc., Mr. Powell states that the defendant invested "$95,000 from a home equity loan in 2004 and co-signed a 10 year lease on the space." *Id.* at 2. The defendant is listed as the registered agent/managing member of this business with the Colorado Secretary of State's Office.  Doc. 30, Exhibit F at 2, 4.  Mr. Powell states that the defendant's wife is the owner of this business, and that she received "$75,000 of their investment back."  Doc. 30, Exhibit A at 2.  Information obtained online estimates total sales for this store to be over $1 million.  Doc. 30, Exhibit F at 5.  While the second addendum states that the defendant does not earn income from this business, doc. 36 at 1, any proceeds from this business are considered marital property and should be applied toward the restitution due in this case, and a fine, if the Court so orders.

With respect to Ideal Concrete, Inc.'s Chapter 11 case, it was dismissed on Friday, July 2, 2015, due to the defendant's failure to pay fees and file post-confirmation quarterly reports.  Attachment 1.

As to defendant's life insurance policies, the second addendum lists a cash surrender value on the Prudential whole life plan as $1,583.  There is no cash surrender value listed with respect to the Ohio National whole life plan.  Doc. 36 at 2.

With respect to retirement accounts, the report prepared by the U.S. Attorney's Office asset investigator references a retirement account possibly held by Ohio National in either the defendant or his wife's name.  Doc. 36, Exhibit F at 4. However, information received from Department of Labor officials indicates that this is the Ideal Concrete, Inc. employees' profit sharing plan account and the funds in this

account belong to the plan participants and not to the defendant or his wife.

**Fine**

The presentence report indicated that the defendant "is in a unique situation financially which enables him to pay restitution in full to all victims associated with the offense." Doc. 23 at R-6. The government certainly hopes this is the case, and if it is, it suggests the defendant is able to pay a fine as well, especially in light of income sources from Ideal Concrete, Inc. and Hope Spirits, LLC. Pursuant to U.S.S.G. § 5E1.2, the fine range for the instant offense is $4,000 to $40,000. *See* Doc. 20 (plea agreement) at 11, ¶ VI K. Given the nature of this offense, the number of people harmed by the defendant's actions, and the defendant's apparent ability to pay a fine, the government requests that the Court impose a $4,000 fine in this case.

**Aberrant Behavior**

In his motion for a non-guideline/variant sentence, the defendant claimed that "the charged conduct is out of character with his conduct of the past 50 years. This conduct is an aberration in his life." Doc. 28 at 14. The defendant argued that this fact should be considered in imposing a variant sentence in this case pursuant to 18 U.S.C. § 3553(a). In light of the lack of financial information in the PSR and the statements made in defendant's bankruptcy proceedings, the Court directed the parties to address whether defendant's conduct in this case is truly aberrant.

The government submits a variant sentence should not be granted based upon aberrant behavior for the following reasons: in his plea agreement, defendant stipulated that he "improperly characterized the amounts due to the third-party plan administrators

of the employee benefit and health care plans and attempted to have those amounts discharged in bankruptcy." Doc. 20 at 8-9. This additional dishonest conduct resulted in a two-level increase in defendant's base offense level. *Id.* at Page 10, ¶ IV E.

In addition, the offense conduct in this case occurred over an 11-month period, with the defendant withholding his employees' deductions from multiple pay periods and not forwarding those amounts to the appropriate benefit plan. The period of time over which the instant offense occurred, and the repeated acts that comprise the instant offense, militate against an aberrant behavior variance. *See United States v. Jackson,* No. 11-1034, 459 Fed. App'x 747, 751, 754 (10th Cir. 2012) (denying defendant's request for a variance based upon her "almost aberrant behavior" given her "past exemplary personal characteristics and lack of criminal history." Defendant's mortgage loan scheme involved multiple victims, substantial losses, and occurred over a protracted period of 2 ½ years, thereby warranting a sentence at the bottom of the guidelines range and not a variance); *United States v. McFarland*, No. 11-3485, 468 Fed. App'x 164, 166-167 (3rd Cir. 2012) (affirming district court's denial of a § 3553(a) variance based upon aberrant behavior where defendant's health care fraud involved repeated criminal acts occurring over a three-year period of time).

**Conclusion**

Accordingly, at the continued sentencing hearing on July 9, 2015, the government will argue for a six-month custodial sentence followed by a three-year term of probation to include a twelve-month period of home confinement. In addition, the government will ask that the defendant be ordered to pay $108,477.99 in restitution, a

$4,000 fine, and $200 special assessment

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 6th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard Tegtmeier, Esq.
Counsel for Defendant Clarence Gianarelli
rtegtmeier@shermanhoward.com

Gary Kruck
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2426
Gary_ Kruck@cod.uscourts.gov

*s/ Mariah Tracy*
Mariah Tracy
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
mariah.tracy@usdoj.gov