IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00397-MSK-01

UNITED STATES OF AMERICA, Plaintiff,

v.

CLARENCE GIANARELLI, Defendant.

_____

DEFENDANT'S SUPPLEMENTAL SENTENCING STATEMENT
_____

Defendant Clarence Gianarelli, by and through his attorney, submits the following Supplemental Sentencing Statement in response to the Second Addendum to the Presentence Report and the Government's Supplemental Sentencing Statement.

1.      The Probation Department's Second Addendum states, "In conclusion, the Probation Office does not believe that the defendant was intentionally trying to deceive the Court or the Probation Office regarding his financial situation." The Probation Office continues to recommend that the Court not impose a fine. The defendant's full attention should be focused on paying restitution.

2.      Title 18 U.S.C. § 3572 (a) outlines factors the Court should consider in determining whether to impose a fine, and the amount, time for payment, and method of payment. Factors to consider include:

> **(1)** the defendant's income, earning capacity, and financial resources;
> **(2)** the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
> **(3)** any pecuniary loss inflicted upon others as a result of the offense;

**(4)** whether restitution is ordered or made and the amount of such restitution;

**(5)** the need to deprive the defendant of illegally obtained gains from the offense;

**(6)** the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

**(7)** whether the defendant can pass on to consumers or other persons the expense of the fine.

3.      Title 18 U.S.C. § 3572 (b) states,

"If, as a result of a conviction, the defendant has the obligation to make restitution to a victim of the offense, other than the United States, the court shall impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution."

4.      USSC§ §5E1.2**.** (a) states,

"The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."

The probation department in its review of Mr. Gianarelli's financial condition appropriately concludes that Mr. Gianarelli is not likely to become able to pay a fine.

5.      USSC§ §5E1.2**.** (e) states,

"If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine.  In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive.  Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.

6.      Mr. Gianarelli's plea agreement calls for an order of restitution in the amount of $108,477.99.  Considering Mr. Gianarelli's financial situation, as outlined by

SPRINGS/1513842.1

the Probation Department in the Presentence Investigation Report and Second Addendum, Mr. Gianarelli is not in a financial position to pay both restitution and a fine.

7.     As previously noted, Mr. Gianarelli's age, health risks, a supportive wife, his history of success in legitimate business, an expert assessment of his low-recidivism risk, and his voluntary entrance into counseling and treatment are a combination of factors that distinguish him from the typical offender.  Mr. Gianarelli's background and characteristics provide considerable insight for the Court to consider.  Mr. Gianarelli, for most of his 73 years led a law abiding respectable lifestyle.  His actions are certainly out of character and an aberration of his law abiding lifestyle.

8.     Mr. Gianarelli's involvement in the offenses of conviction involved a desperate attempt on his part to maintain the solvency of the company, whereby allowing the company to remain operational.  His unfortunate choice in failing to submit payments toward retirement and pension accounts has had a financial impact on past and present employees.  Mr. Gianarelli accepts full responsibility for his criminal behavior.

9.     Mr. Gianarelli moves this Honorable Court to: 1) impose a departure and non-guideline sentence and variance from the advisory guidelines range pursuant to 18 U.S.C. § 3553(a) and impose a sentence to probation, with an order of restitution and completion of a specific number of community service hours, in lieu of a fine payment.

10.     Finally, in argument at the prior sentencing hearing, the Government inferred that the individuals who spoke on behalf of Mr. Gianarelli for the sentencing video might not have been fully advised of the charges against Mr. Gianarelli.  Before

SPRINGS/1513842.1

interviewing the individuals for the sentencing video, documentary producer Ms.

Dillon, as well as undersigned counsel, fully advised each individual of the charges to

which Mr. Gianarelli pled and of the facts underlying these charges.

Respectfully submitted this 8th day of July, 2015.

SHERMAN & HOWARD L.L.C.

*s/ Richard Tegtmeier*

_____

Richard Tegtmeier, #2544
90 S. Cascade Ave., Suite 1500
Colorado Springs, CO 80903
303-299-8163
719-635 4576 (Fax)
rtegtmeier@sah.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the above and foregoing upon the United States Attorney's office via CM/ECF e-filing, this 8th day of July, 2015.

I hereby certify that a true and complete copy of the above and foregoing was also served upon the United States Probation Officer via email to: gary_Kruck@cod.uscourts.gov

*s/ Devon O. Ryan*

_____