Attachment 1



**U.S. Department of Justice**

Federal Bureau of Prisons

Designation and Sentence Computation Center

---

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas  75051*

August 6, 2015

***Via Electronic Mail***

Martha Paluch, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
1225 17th Street
Suite 700
Denver, CO  80202

RE:   <u>United States of America v. Clarence Gianarelli</u>
      Case Number: 1:14-cr-00397-MSK-1
      Register Number: 40745-013

Dear Ms. Paluch:

    The Bureau of Prisons ("Bureau") has concerns with implementing the Judgment in the above-styled case signed by the Honorable Marcia S. Krieger on July 9, 2015.  In the Judgment, the Court committed the defendant to the custody of the Bureau to be imprisoned for a one-year term of intermittent confinement, including weekends and all holidays.  For the reasons stated below, the Bureau respectfully requests that the Judgment be amended to either have the term of imprisonment section reflect a continuous term of imprisonment or have the intermittent confinement imposed as a further condition of supervised release or probation.

    It is the Bureau's position that the federal sentencing statutes do not authorize intermittent confinement as a term of imprisonment under the custody of the Attorney General.  With the enactment of the Sentencing Reform Act of 1984, Congress

expressly required the Judicial Branch to follow the terms laid out under Chapter 227 of the United States Code when sentencing federal defendants. Within Chapter 227, Congress authorized intermittent or weekend confinement only as a condition of probation under 18 U.S.C. § 3563(b)(10) or a condition of supervised release under 18 U.S.C. § 3583(d). Furthermore, Congress has demonstrated the extremely limited circumstances under which such a special condition can be imposed by limiting its imposition to only the first year of probation or supervised release.

Additionally, 18 U.S.C. § 3621(a) states that a person "shall be committed to the custody of the Bureau until the expiration of the term imposed." Intermittent confinement is inconsistent with § 3621(a), as such imprisonment calls for an inmate to be continually committed, released, and recommitted. The Bureau's position is supported by United States Sentencing Guidelines § 5Cl.l, which references intermittent confinement as a condition of supervised release or probation rather than a term of imprisonment.

The Bureau strives to administer sentences in accordance with federal statutes, agency policy, and the intent of the sentencing court. In the past, courts have remedied similar cases by using one of two suggested options. For example, the Court may amend the order to impose a specific term of imprisonment and remove the intermittent confinement language. Alternatively, the Court may amend the term of imprisonment to reflect time served and then intermittent confinement as a further condition of supervised release or probation. Additionally, the Bureau requests clarification of the term "holidays" as used in the Judgment.

Based on the above, it is respectfully requested you seek amendment of the Judgment. If you have any questions or concerns, please do not hesitate to contact me at 972-623-5923.

Thank you for your assistance.

                                            Sincerely,

                                            Paul Irby
                                            Assistant General Counsel