**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 14-cr-00397-MSK-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CLARENCE GIANARELLI,

      Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**TO MODIFY SENTENCE (DOC. 45)**
_____

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, hereby responds to the Defendant's Motion to Modify Sentence, Doc. 45.

1.     The advisory guideline range for defendant's pleas of guilty on Counts 1 and 21 of the Indictment in this case was 24 to 30 months.  Docs. 40, 44.

2.     The defendant was sentenced to time served, followed by a three-year period of supervision.  One of the special conditions of the defendant's supervision was that he serve a one-year term of intermittent confinement whereby he reports to a Bureau of Prisons (BOP) facility every Friday night until Monday morning, and serve in prison holidays during that one-year period.  *Id.*

3.     On November 17, 2015, the defendant sent a letter to this Court asking that his sentence be modified to allow him to work on certain holidays and 6-8 hours on

Saturdays.  Doc. 45.  The government opposes this request, for the following reasons:

4.     Pursuant to Title 18, United States Code, Section 3582(c), the Court may modify a term of imprisonment once it has been imposed in three limited circumstances: 1) upon motion of the Director of the BOP if special circumstances exist; 2) if the modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,"; and 3) if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  *United States v. Smartt,* 129 F.3d 539, 540-41 (10th Cir. 1997) (quoting 18 U.S.C. §§ 3582(c)(1)(A)(i), (ii); 3582(c)(1)(B); and 3582(c)(2), respectively).  None of these circumstances exist here, and therefore, there is no jurisdiction for a modification of the defendant's sentence.  *Id.* at 542; *see also United States v. Baker,* 769 F.3d 1196, 1198 (10th Cir.2014) ("Like § 3582(c), Rule 35's requirements are jurisdictional."); *United States v. Graham,* 704 F.3d 1275, 1277 (10th Cir.2013) ("Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed.").

5.     Even if defendant's request was not jurisdictionally barred, it fails on the merits.  The defendant converted to his use $108,477.99 that belonged to his employees, a fact that belies his claim that he has "always put [his] employees' interests above his own . . . ."  Doc. 45.  The sentence he received is a significant variance from the advisory guideline range.  He reports to a BOP facility at 7:30pm on Friday, has liberal visitation rights, and is allowed to spend two hours on Sunday at his church services with his family and friends.  He leaves the facility at 5:00 a.m. on Monday mornings.  His only full day of incarceration is on Saturdays, and he is now asking to be

2

released on those days as well.  Most inmates would likely prefer to work than to be incarcerated.  There must be some punishment for the defendant's crimes.  Reducing the time he spends incarcerated even further is simply not warranted.

For these reasons, the government respectfully requests that the Court deny defendant's motion to reduce his sentence.

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 4th day of December, 2015, I sent a true and correct copy of this Response to Mr. Gianarelli at the address listed below via the United States mail.

Clarence Gianarelli
4158 ANITRA CIR
COLORADO SPRINGS, CO 80918

I also electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard Tegtmeier, Esq.
rtegtmeier@shermanhoward.com

Lynn Matesi
U.S. Probation Officer
lynn_matesi@cod.uscourts.gov

*s/ Mariah Tracy*
MARIAH TRACY
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
Email: mariah.tracy@usdoj.gov