IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  14-CR-00397-MSK-01

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLARENCE GIANARELLI,

        Defendant.

---

**RESPONSE TO MOTIONS TO QUASH SUBPOENAS**

---

Plaintiff, the United States, by and through undersigned counsel, responds in opposition to the Motions to Quash filed by Defendant's wife, Carolyn Gianarelli ("Mrs. Gianarelli"). Docs 52, 53.

### RELEVANT FACTS

On February 23, 2016, the United States served a subpoena for documents on U.S. Bank. Ex. 1. On February 24, the United States served a subpoena for documents on ENT Federal Credit Union. Ex. 2. On March 10, 2016, Mrs. Gianarelli, a non-party, filed Motions to Quash each of the subpoenas under the Right to Financial Privacy Act, 12 U.S.C. § 3410 because she "did not have any involvement in this case and have done nothing wrong. I am a supportive wife to Clarence Gianarelli [Defendant] and have been married to him for 53 years. I feel that my privacy rights are being violated. I was advised to seek legal counsel but have been unable to find someone willing to take this on at this time. On March 4, 2016 I requested an extension of time from the U.S. Department of Justice but have had no reply."[1]

---

[1] Mrs. Gianarelli's Motion to Quash is timely. Undersigned counsel responded through telephone message on March 9, 2016 that it had no objection to Mrs. Gianarelli's requested extension, however, her timely motion moots this issue. To the extent Mrs. Gianarelli needs further time to find counsel, the United States does not object to further reasonable extension.

1

Mrs. Gianarelli seeks to quash subpoenas issued to U.S. Bank and ENT Federal Credit Union for the following records relating to Defendant Gianarelli, her husband:

> Regarding accounts for the period of January 1, 2012 to the present, any and all records in your possession, custody or control including but not limited to:
>
> 1. *Account Applications and/or signature cards*
> 2. *Account statements*
> 3. *Account transaction history*
> 4. *Withdrawal Offsets, Deposit Slips and Deposited items over $1,000*
> 5. *Cancelled checks over $1,000*
> 6. *Transaction details on withdrawals or transfers over $1,000*
> 7. *Credit Card monthly statements*
> 8. *Loan files including applications*
> 9. *Safe Deposit Entry Record*
> 10. *ATM withdrawals over $1,000*
> 11. *Other correspondence and communications not subject to the Electronic Communications Privacy Act, 18 U.S.C., Section 2703.*
>
> Relating to any checking, savings, business, or money market accounts or any other accounts held in the name of, or under signature authority of:
>
> Clarence Gianarelli, SSN XXX-XX-3811
> Carolyn Gianarelli, SSN XXX-XX-4481
> Hope Spirits, LLC
> Ideal Concrete, Inc.

Exhibit 1, p. 4. As noted, the request was limited to documents from January 1, 2012, through the date of the response. *Id.*

Because the subpoena was properly issued under Federal Rule of Civil Procedure 45 and relevant federal statutes, and because it is reasonably calculated to lead to the discovery of relevant evidence related to Defendant's financial condition, the Court should deny Mrs. Gianarelli's motion.

## BACKGROUND

On February 25, 2015, Defendant Gianarelli pleaded guilty to Theft from an Employee Benefit Plan and Theft in Connection with Health Care in violation of 18 U.S.C. §§ 664 and 669.

2

Doc. 20. On July 27, 2015, the Court entered an amended judgment, sentencing Defendant to three years of supervised release, including one initial year of intermittent confinement. Doc. 44. It further ordered Defendant pay a fine of $20,000.00, a special assessment of $200.00, and restitution in the amount of $108,477.99. *Id*. A balance of $125,977.99 remains outstanding as of March 25, 2016 on the fine and restitution ordered.

The United States is currently conducting discovery in aid of execution pursuant to the Mandatory Victims Restitution Act ("MVRA"), the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 *et seq.*, and the Federal Rules of Civil Procedure. After judgment was entered, in response to a request for financial information from the Financial Litigation Unit of the U.S. Attorney's Office, Defendant Gianarelli disclosed that he had property interests in several accounts with U.S. Bank and ENT Federal Credit Union. However, the Defendant did not disclose any interest in Hope Spirits, LLC, a Colorado Springs liquor store.

Based upon this information, on February 23 and 24, 2016, the United States issued a subpoena to U.S. Bank seeking records of any accounts in which Defendant Gianarelli has an interest, including accounts held jointly with his wife and individual accounts. Exhibit 1. To comply with the Right to Financial Privacy Act, the United States sent Mrs. Gianarelli letters informing her of the subpoenas. Exhibit 2; 12 U.S.C. § 3407(1).

On March 10, 2016, Mrs. Gianarelli filed motions to quash the United States' subpoenas. Doc. 52, 53. In her motion to quash, Mrs. Gianarelli asserts that because she was not involved in the criminal matter, she is entitled to privacy in the accounts at issue. *Id*. This argument has no merit.

**ARGUMENT**

Under 18 U.S.C. § 3613(a), enforcement tools and procedures available to the United States in collecting on a restitution order are set forth in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308. Congress enacted the FDCPA "to create a comprehensive statutory framework for the collection of debts owed to the United States government" and "to improve the efficiency and speed in collecting those debts." *N.L.R.B. v. E.D.P. Med. Computer Sys., Inc.*, 6 F.3d 951, 954 (2d Cir. 1993). The FDCPA preempts "State law to the extent such law is inconsistent with the provisions of this chapter [176]." Id. § 3003(d).

The scope of discovery for collection under the FDCPA is broad. It permits the government to seek discovery "regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure." 28 U.S.C. § 3015(a). In turn, Rule 69 permits discovery in aid of execution "from *any person* —including the judgment debtor—as provided in these rules …." Fed. R. Civ. P. 69(a)(2) (emphasis added).  Accordingly, the United States' enforcement of the criminal restitution judgment through the FDCPA is appropriate, and occurs through civil proceedings.

The FDCPA's broad scope of discovery is not altered by the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3404 *et seq*., which governs the subpoena's request for documents of any account held solely or jointly by Mrs. Gianarelli.  Mrs. Gianarelli's argument that she is not a party to this criminal action misses the relevant inquiry. As noted above, the FDCPA and Fed. R. Civ. P. 69(a)(2) permit discovery in aid of execution from *any* person. And the RFPA does not prohibit the government from seeking bank account records of persons who are not parties to a case. On the contrary, it allows the government to seek records of third parties, so long as it provides notice, and there is reason to believe the records are relevant to a legitimate law

4

enforcement inquiry. 12 U.S.C. §§ 3407(1)-(3).  Here, there is a reasonable belief that the requested documents are relevant to the government's law enforcement inquiry, that is locating assets belonging to Defendant.  *Douglas v. United States*, 410 F. Supp. 2d 292, 297 (S.D.N.Y. 2006).

The jointly-held account records are relevant to the government's inquiry in this case.  It is clear the jointly-held accounts are co-owned property and Defendant has a property interest in them.  Therefore, any jointly held account is well within the scope of discovery to determine Defendant's financial condition.  28 U.S.C. § 3015(a).

The United States has reason to believe that Mrs. Gianarelli's accounts are relevant to its inquiry as well.  The United States' investigation has revealed that Defendant has a potential interest in those accounts, namely through business income from Hope Spirits, LLC. Specifically, in the Presentence Investigation Report, it indicates that Mrs. Gianarelli is the owner of Hope Spirits liquor store in Colorado Springs and the business is not listed as an asset of the Defendant's.  (Doc. 30, p. 12 n. 2). Nonetheless, both Defendant and Mrs. Gianarelli listed Defendant as a co-owner of Hope Spirits, LLC in their joint 2012 bankruptcy case, Case Number 12-23438-TBM in the Bankruptcy Court in the District of Colorado. Defendant is also the registered agent for the company according to Secretary of State filings. His co-ownership interest is further confirmed through Hope Spirits, LLC documents obtained in the United States' investigation. Hope Spirits LLC financial records show that large transfers are being made to other financial accounts and institutions, including U.S. Bank. There is reason to believe Defendant Gianarelli may have an ownership interest in those funds, as the financial records will show.  In sum, based on Defendant's financial disclosures and the United States' investigation, the United States has a good faith basis to subpoena the U.S. Bank and ENT Federal Credit

Union records of all accounts in which Defendant has a property interest, including joint-accounts and accounts held solely by both the Defendant and Mrs. Gianarelli.

The subpoenas to U.S. Bank and ENT Federal Credit Union are appropriate under the broad scope of discovery allowed under the FDCPA. The motions to quash should be denied because the subpoenas properly seek information regarding Defendant's financial condition. The discovery sought from both institutions is relevant and narrowly tailored to that end.

For the aforementioned reasons, the motions to quash should be denied.

DATED this 25th day of March, 2016.

                Respectfully submitted,

                JOHN F. WALSH
                United States Attorney

                *s/Elizabeth M. Froehlke*
                ELIZABETH M. FROEHLKE
                Assistant U.S. Attorney
                1225 17th Street, Suite 700
                Denver, CO 80202
                Telephone: 303-454-0100
                E-mail:  Elizabeth.Froehlke@usdoj.gov
                Counsel for United States

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 25, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following email addresses:

 Marth.Paluch@usdoj.gov
 Criminal Assistant U.S. Attorney

  I further certify that on March 25, 2016 I sent the foregoing document via US Mail to:

Clarence Gianarelli
7980 Industry Road
Colorado Springs, CO 80939

Carolyn Gianarelli
4158 Anitra Cir.
Colorado Springs, CO 80918

              *s/ Elizabeth M. Froehlke*
              Office of the U.S. Attorney