AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| United States | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-CR-000397-MSK |
| Clarence Gianarelli | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: U.S. Bank
950 17th Street, Denver, CO 80202
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: U.S. Attorney's Office<br>1225 17th Street, Suite 700<br>Denver, CO 80202 | Date and Time:<br><br>03/21/2017 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/23/2016

CLERK OF COURT

OR  /s/ *Attorney's signature*

_____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

Elizabeth M. Froehlke
1225 17th Street, Suite 700, Denver, CO 80202     Elizabeth.Froehlke@usdoj.gov     (303) 454-0126

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



PLAINTIFF'S EXHIBIT 1

FILE COPY

AO 88B (Rev 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-CR-000397-MSK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* U.S. Bank

on *(date)* 2/23/2016 .

☑ I served the subpoena by delivering a copy to the named person as follows: In person to: U.S. Bank, 950 17th Street, Denver, CO  80202

on *(date)* 2/23/2016 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/23/2016

*Server's signature*

Annika Grisham, Legal Assistant

*Printed name and title*

U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, CO  80202

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Version 09/22/2010

## ATTACHMENT A

PRODUCE THE FOLLOWING:

Regarding accounts for the period of January 1, 2012 to the present, any and all records in your possession, custody or control including but not limited to:

1. Account Applications and/or signature cards
2. Account statements
3. Account transaction history
4. Withdrawal Offsets, Deposit Slips and Deposited items over $1,000
5. Cancelled checks over $1,000
6. Transaction details on withdrawals or transfers over $1,000
7. Credit Card monthly statements
8. Loan files including applications
9. Safe Deposit Entry Record
10. ATM withdrawals over $1,000
11. Other correspondence and communications not subject to the Electronic Communications Privacy Act, 18 U.S.C., Section 2703.

Relating to any checking, savings, business, or money market accounts or any other accounts held in the name of, or under signature authority of:

**Clarence Gianarelli, SSN :** ▓▓▓▓▓▓▓▓
**Carolyn Gianarelli, SSN** ▓▓▓▓▓▓▓▓
**Hope Spirits, LLC**
**Ideal Concrete, Inc.**

If any of the above person or entity are a joint account holder with a person or entity not named here, please inform our office so that we may comply with the Right to Financial Privacy Act accordingly.

INSTRUCTIONS FOR PRODUCTION OF RECORDS

I.  General
    A.  Records existing as **Electronically Stored Information (ESI)** shall be produced in electronic form and shall include text data and image data held:
        1.  In your record retention systems; and/or
        2.  By your technology, data, or other service provider(s).
    B.  Records that do not exist as ESI may be produced in paper or other original format and may be converted to image or text data and provided as ESI, unless originals are required.

Page 1 of 2

Version 09/22/2010

II. Text Data
    A. Text data relating to transactions shall be produced within a data file:
        1. Using a delimited ASCII text data format; or
        2. Using software that can export to a commonly readable, non-proprietary file format without loss of data.
    B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

III. Image Data
    A. Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
    B. Image data of items associated with transactions (e.g., checks and deposit slips) shall be:
        1. Produced in individual graphic data files with any associated endorsements; and
        2. Linked to corresponding text data by a unique identifier.

IV. Encryption/Authentication
    A. ESI may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data are produced.
    B. Authentication, such as hash coding, may be set by agreement.
    C. Affidavits or certificates of authenticity may be included as part of the electronic production.

V. Cost Reimbursement
    A. Costs that are reasonably necessary and have been directly incurred in searching for, reproducing, or transporting records may be reimbursable. See the *Right to Financial Privacy Act*, 12 U.S.C., Section 3415 and Federal Reserve Board *Regulation S*, 12 C.F.R., Part 219 (revised effective 1/1/2010).



U.S. DEPARTMENT OF JUSTICE

**John F. Walsh**
*United States Attorney*
*District of Colorado*

*1225 Seventeenth Street, Suite 700   (303) 454-0100*
*Seventeenth Street Plaza         FAX (303) 454-0404*
*Denver, Colorado 80202*

# DECLARATION CONCERNING AUTHENTICITY OF RECORDS

I, _____,
(print declarant's name)

hereby declare under penalty of perjury that the following statements are true and correct:

1. I am personally familiar with the representations made in this declaration.

2. The following items have been provided from the records of U.S. Bank.

The records I am certifying are attached to this certification and are described as follows:

| Description of Record(s) |
|---|
|  |

3. I hereby certify that the items described above are either original records or true copies of records of U.S. Bank that were:

    a. made at or near the time of the occurrence of the matters set forth in the records;

    b. made by a person with knowledge of the matters set forth in the records, or from information transmitted by a person with knowledge of the matters; and

    c. kept in the course of the regular business activity of U.S. Bank.

4. I certify that it was the regular practice of U.S. Bank (and its predecessor, if applicable) to make, incorporate, and keep such records.

5.   I certify that in the ordinary course of the regular business activity of U.S. Bank, records provided by outside entities were incorporated into the business records of U.S. Bank. U.S. Bank relied upon the accuracy of the records provided by outside entities in the ordinary course of the regular business activity.

Executed this _____ day of _____ , 2016.
              (day)                      (month)

Declarant's Signature: _____

Declarant's Name Printed: _____

Declarant's Work Address: _____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| United States | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-CR-000397-MSK |
| Clarence Gianarelli | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    ENT Federal Credit Union
       707 17th Street, #120, Denver, CO  80202

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: U.S. Attorney's Office<br>1225 17th Street, Suite 700<br>Denver, CO 80202 | Date and Time:<br><br>03/21/2016 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/24/2016

CLERK OF COURT

OR

_____        _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

Elizabeth M. Froehlke
1225 17th Street, Suite 700, Denver, CO  80202     Elizabeth.Froehlke@usdoj.gov     (303) 454-0126

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

FILE COPY

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Version 09/22/2010

## ATTACHMENT A

PRODUCE THE FOLLOWING:

Regarding accounts for the period of January 1, 2012 to the present, any and all records in your possession, custody or control including but not limited to:

1. Account Applications and/or signature cards
2. Account statements
3. Account transaction history
4. Withdrawal Offsets, Deposit Slips and Deposited items over $1,000
5. Cancelled checks over $1,000
6. Transaction details on withdrawals or transfers over $1,000
7. Credit Card monthly statements
8. Loan files including applications
9. Safe Deposit Entry Record
10. ATM withdrawals over $1,000
11. Other correspondence and communications not subject to the Electronic Communications Privacy Act, 18 U.S.C., Section 2703.

Relating to any checking, savings, business, or money market accounts or any other accounts held in the name of, or under signature authority of:

**Clarence Gianarelli, SSN** ▉▉▉▉▉▉
**Carolyn Gianarelli, SSN** ▉▉▉▉▉▉
**Hope Spirits, LLC**
**Ideal Concrete, Inc.**

If any of the above person or entity are a joint account holder with a person or entity not named here, please inform our office so that we may comply with the Right to Financial Privacy Act accordingly.

INSTRUCTIONS FOR PRODUCTION OF RECORDS

I. General
    A. Records existing as **Electronically Stored Information (ESI)** shall be produced in electronic form and shall include text data and image data held:
        1. In your record retention systems; and/or
        2. By your technology, data, or other service provider(s).
    B. Records that do not exist as ESI may be produced in paper or other original format and may be converted to image or text data and provided as ESI, unless originals are required.

Version 09/22/2010

II. Text Data
   A. Text data relating to transactions shall be produced within a data file:
      1. Using a delimited ASCII text data format; or
      2. Using software that can export to a commonly readable, non-proprietary file format without loss of data.
   B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

III. Image Data
   A. Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
   B. Image data of items associated with transactions (e.g., checks and deposit slips) shall be:
      1. Produced in individual graphic data files with any associated endorsements; and
      2. Linked to corresponding text data by a unique identifier.

IV. Encryption/Authentication
   A. ESI may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data are produced.
   B. Authentication, such as hash coding, may be set by agreement.
   C. Affidavits or certificates of authenticity may be included as part of the electronic production.

V. Cost Reimbursement
   A. Costs that are reasonably necessary and have been directly incurred in searching for, reproducing, or transporting records may be reimbursable. See the *Right to Financial Privacy Act*, 12 U.S.C., Section 3415 and Federal Reserve Board *Regulation S*, 12 C.F.R., Part 219 (revised effective 1/1/2010).



U.S. DEPARTMENT OF JUSTICE

**John F. Walsh**
*United States Attorney*
*District of Colorado*

*1225 Seventeenth Street, Suite 700   (303) 454-0100*
*Seventeenth Street Plaza         FAX (303) 454-0404*
*Denver, Colorado 80202*

# DECLARATION CONCERNING AUTHENTICITY OF RECORDS

I, _____ ,
(print declarant's name)
hereby declare under penalty of perjury that the following statements are true and correct:

1.  I am personally familiar with the representations made in this declaration.

2.  The following items have been provided from the records of ENT Federal Credit Union.

The records I am certifying are attached to this certification and are described as follows:

| Description of Record(s) |
| --- |
|  |

3.  I hereby certify that the items described above are either original records or true copies of records of ENT Federal Credit Union that were:

   a.  made at or near the time of the occurrence of the matters set forth in the records;

   b.  made by a person with knowledge of the matters set forth in the records, or from information transmitted by a person with knowledge of the matters; and

   c.  kept in the course of the regular business activity of ENT Federal Credit Union.

4.  I certify that it was the regular practice of ENT Federal Credit Union (and its predecessor, if applicable) to make, incorporate, and keep such records.

5. I certify that in the ordinary course of the regular business activity of ENT Federal Credit Union, records provided by outside entities were incorporated into the business records of ENT Federal Credit Union. ENT Federal Credit Union relied upon the accuracy of the records provided by outside entities in the ordinary course of the regular business activity.

Executed this _____ day of _____ , 2016.
     (day)     (month)

Declarant's Signature: _____

Declarant's Name Printed:_____

Declarant's Work Address:_____